IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY THOMAS YENTZ**, <br><br> Plaintiff, <br><br> v. <br><br> **NATIONAL CREDIT ADJUSTERS, LLC**, <br><br> Defendant. | Case No. 3:20-cv-1364-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

     Plaintiff Jeffrey Thomas Yentz (Plaintiff) representing himself (*pro se*) sued Defendant National Credit Adjusters, LLC under Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* Plaintiff alleges that Defendant violated Section 611 Part (A)(1), codified at 15 U.S.C. § 1681i(a)(1), when Defendant did not respond to Plaintiff's written dispute within thirty days. Defendant moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to allege and cannot show that Defendant is a consumer reporting agency (CRA) under FCRA.

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on February 15, 2021. Judge Acosta recommended that this Court GRANT Defendant's motion to dismiss. No party filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record." That Court has done that with regard to the issue of whether Plaintiff has failed to state a claim and whether amendment would be futile.

The Court ADOPTS Judge Acosta's findings and recommendation that Plaintiff has failed to state a claim and that amendment would be futile. Based on this ruling, there is no need

to reach the question of whether Plaintiff's failure to respond to Defendant's motion to dismiss also constitutes a concession on the merits in the absence of a local rule to that effect. For that reason, the declines to adopt that portion of the findings and recommendation. Defendant's Motion to Dismiss (ECF 5) is GRANTED, and Plaintiff's claim is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 6th day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge